UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLAS GARY HELMAN,

    Plaintiff,

v.                                     Case No.:   2:24-cv-694-SPC-NPM

STATE OF FLORIDA and
COUNTY OF CHARLOTTE,

    Defendants.
_____/

**OPINION AND ORDER**

    Before the Court is Plaintiff Nicholas Gary Helman's Complaint (Doc. 1). Helman is a pretrial detainee in Charlotte County Jail, and he sues the State of Florida and Charlotte County under 42 U.S.C. § 1983.  Magistrate Judge Nicholas Mizell granted Helman leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief.  *See* 28 U.S.C. 1915(e)(2).

    To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)).  In addition, a plaintiff must allege and establish an

affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Helman claims he was refused a bible while in the jail's medical pod, missed meals and showers, and was infected with HIV, but he does not identify any individuals responsible for these harms. Instead, Helman sues Florida and Charlotte County. Municipalities can only be liable under 42 U.S.C. § 1983 if "the alleged constitutional harm is the result of a custom or policy." *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020); s*ee also Monell v. Dep't of Soc. Sec. Servs. of City of New York*, 436 U.S. 658 (1978). The Complaint fails to identify any custom or policy that caused the alleged harm. Helman cannot sue the state and county based merely on vague allegations of mistreatment by unnamed officials.

The Court will dismiss Helman's Complaint and give him an opportunity to amend. To survive preliminary review, an amended complaint must either (1) name as defendants the individual officials who violated Helman's federal rights; or (2) plausibly allege a custom or policy of Florida and/or Charlotte County caused a violation of Helman's federal rights. Also, the amended complaint must state Helman's claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Accordingly, it is now

**ORDERED:**

Plaintiff Nicholas Gary Helman's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to send Helman a civil-rights complaint form marked with the case number and the title, "Amended Complaint."

**DONE** and **ORDERED** in Fort Myers, Florida on November 15, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3